FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 AUG -7  PM 12: 09

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

KELVIN LANELL KELLY,    )
                              )
     Petitioner,         )
                              )
v.                        )     Case No. CV406-131
                              )
HILTON HALL, Warden,    )
                              )
     Respondent.      )

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 6. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I.  BACKGROUND

Petitioner was indicted by the Chatham County grand jury on January 13, 1999 for aggravated assault and aggravated battery. Resp. Ex. 5, pp. 469-71. On July 27, 1999, petitioner appeared with counsel before the Chatham County Superior Court for a jury trial. Resp. Ex. 4, p. 74.

The jury found petitioner guilty on both counts of the indictment. Resp. Ex. 5, p. 398. Thereafter, the trial court sentenced petitioner to 20 years' imprisonment as to count 2 and merged count 1 into count 2. Resp. Ex. 5, p. 404-05.

Petitioner timely filed a direct appeal of his sentence with the Georgia Court of Appeals. The Court of Appeals found no error and affirmed his conviction and sentence on June 13, 2002 in a published opinion. <u>Kelly v. State</u>, 255 Ga. App. 813 (2002); Resp. Ex. 7. On September 6, 2002, the Georgia Supreme Court denied a petition for writ of certiorari. Resp. Ex. 6.

Petitioner filed a state habeas corpus petition on March 6, 2003 in the Macon County Superior Court. Resp. Ex. 1. After holding an evidentiary hearing on January 21, 2004, the state habeas court denied the relief sought on August 2, 2004. Resp. Ex. 2, 4, 5. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief on May 23, 2005. Resp. Ex. 3.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on May 15, 2006. Doc. 1. Respondent moves to dismiss the petition as untimely under § 2244(d). Docs. 6, 7.

## II.   ANALYSIS

Habeas corpus petitions filed by state prisoners must be filed within the one-year statute of limitations period under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  The one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect.  28 U.S.C. §

---

[1]Section 2244(d), which is applicable to state prisoners' § 2254 petitions, provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2244(d)(1). The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state. 28 U.S.C. § 2244(d)(2); see also Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). The time between the date when the conviction becomes final and the filing of an application for post-conviction or collateral review with the state counts against the one-year statute of limitations, as does the time from the conclusion of such post-conviction or collateral review with the state until the filing of the § 2254 petition. Colbert v. Head, 2005 WL 1953116, *3 (11th Cir. Aug. 16, 2005) (petitioner's one-year limitations period ran 235 days from date of final judgment until filing of state habeas petition, then 130 days from denial of certificate of probable cause to appeal denial of state habeas); see also Wade v. Battle, 379 F.3d 1254, 1256 (11th Cir. 2004) (noting that AEDPA clock ran 184 days between finality of conviction and filing of state habeas petition). These times added together must not exceed one year in order for a § 2254 petition to be timely. 28 U.S.C. § 2244(d)(1).

Petitioner's state conviction became final on December 5, 2002, after the time period for filing a petition for certiorari with the United States

Supreme Court expired following the denial of his direct appeal. The Georgia Supreme Court denied petitioner's petition for writ of certiorari on September 6, 2002. Resp. Ex. 6. Petitioner then had 90 days during which he could petition the United States Supreme Court for a writ of certiorari, pursuant to Rule 13 of the United States Supreme Court Rules. See Jackson v. Sec'y for Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (conviction final at end of 90 day period for seeking certiorari with U.S. Supreme Court).

Petitioner's state habeas petition was filed on March 6, 2003, 91 days after his state court judgment became final. Petitioner's one-year limitations period was then tolled from March 6, 2003 until May 23, 2005, when the Georgia Supreme Court denied his certificate of probable cause to appeal his state habeas petition. Having used 91 days of the one-year period, petitioner then had 274 days during which he could timely file a § 2254 petition. Thus, in order for his federal habeas corpus petition to be timely, he must have filed the instant petition by February 21, 2006. Petitioner filed the instant § 2254 petition on May 15, 2006, 83 days after his one-year limitations period expired. In other words, the instant § 2254 petition was filed 448 days after his state conviction became final (after

tolling this time for 809 days during the pendency of his state habeas petition). Thus, petitioner's current § 2254 petition is untimely and should be DISMISSED.

## III.  CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _____ day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA